**John DOLAN, Petitioner,**

v.

**DIRECTOR OWCP, United States Department of Labor Kvaerner Philadelphia Shipyard; Signal Mutual Indemnity Association.**

No. 04–2002.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 15, 2005.

Decided Feb. 23, 2005.

---

Bruce D. Zeidman, Haddonfield, NJ, for Petitioner.

Christopher J. Field, Field, Womack & Kawczynski, South Amboy, NJ, for Respondent.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Because we write solely for the benefit of the parties, we do not set forth the facts giving rise to this petition for review. Petitioner John Dolan petitions us to set aside the February 12, 2004 order of the Benefits Review Board ("Board") affirming an Administrative Law Judge ("ALJ")'s denial of Dolan's claim for various benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, for harm allegedly sustained as a result of a work-related injury. For the reasons given below, we deny the petition.[1]

We review the Board's order " 'for error of law and to assure ... that it has properly adhered to its scope of review.' " *Consolidation Coal Co. v. Kramer*, 305 F.3d 203 (3d Cir.2002) (quoting *Walker v. Universal Terminal and Stevedoring Corp.*, 645 F.2d 170, 172 (3d Cir.1981)). In turn, the Board was obliged to affirm the decision of the ALJ if it was supported by substantial evidence and in accord with the law. *Id.*

We find no error in the Board's conclusion that "the [ALJ]'s decision as a whole demonstrates that he found that an accident did not occur at work on September 7, 2001 as alleged by claimant." Petitioner's Appendix at 3. In fact, we are hard pressed to imagine a reasonable construction to the contrary.

The record contains ample evidence to support the ALJ's conclusion that Dolan failed to establish that an accident occurred. As the Board notes, the ALJ provided a host of "rational reasons for finding that a specific work-related accident did not occur on September 7, 2001," among them a determination that Dolan lacks credibility and has contradicted himself on numerous occasions in describing both the alleged injury and the pertinent events that have occurred since the injury. *Id.*

Dolan primarily argues that the Board and ALJ committed legal error in failing to conclude that his allegations were suffi-

1. We have jurisdiction to review this petition under 33 U.S.C. § 921(c).

cient to trigger a presumption that his claim for compensation falls within the provisions of the Act. *See* 33 U.S.C. § 920(a). Like the Supreme Court in *U.S. Industries/Federal Sheet Metal, Inc. v. Director, OWCP,* 455 U.S. 608, 102 S.Ct. 1312, 71 L.Ed.2d 495 (1982), we conclude that "[t]he [ALJ], however, disbelieved [Dolan]'s allegations and marshaled substantial evidence to support his findings." *Id.* at 615. In this context, the statutory presumption does not apply.

We conclude, like the Board, that Dolan has "raised no reversible error" and thus deny his petition for review.